[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12415

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SAVANNAH SYMONE DUNCAN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cr-00046-TPB-KCD-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Savannah Duncan appeals her total sentence of 24 months' imprisonment, imposed after she pled guilty to 3 counts of passing counterfeit currency.  On appeal, Duncan argues that the government breached the plea agreement by failing to recommend a two-level reduction for an acceptance of responsibility under U.S.S.G. § 3E1.1(a).

We review *de novo* whether the government breached the plea agreement.  *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).  We have stated that a plea agreement "is, in essence, a contract between the Government and a criminal defendant."  *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). A plea agreement must be construed considering the fact that it constitutes a waiver of substantial constitutional rights requiring that the defendant be adequately warned of the consequences of the plea.  *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990).  When a defendant enters into a plea agreement significantly based on a promise or agreement from the government to a point where that promise or agreement can be said to have induced the defendant to plead guilty, the government must fulfill that promise.  *Santobello v. New York*, 404 U.S. 257, 262 (1971).

In determining whether the government has breached a plea agreement, we must determine the scope of the government's

promises. *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). To determine the scope of the government's promises, the question is whether the government's conduct was inconsistent with the defendant's reasonable understanding when she entered her guilty plea. *United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015). We apply an objective standard to decide whether the government's actions were inconsistent with the defendant's understanding of the plea agreement, rather than reading the agreement in a "hyper-technical or rigidly literal manner." *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016) (quotation marks omitted).

In *Hunter*, the defendant agreed to plead guilty to all four charges in exchange for the government's recommendation at sentencing for a reduction in his offense level for acceptance of responsibility. *Id.* at 1322-23. The government refused to make the recommendation and argued against the reduction at sentencing, arguing on appeal that it was excused from making the recommendation because the defendant had provided not credible testimony before the negotiation of the plea agreement. *Id.* at 1323-26. We held that the government could not avoid the recommendation based on facts of which it was aware prior to the plea agreement because "[s]uch a practice would render the government's promise to recommend the reduction illusory." *Id.* at 1326. We explained that, because the plea agreement constituted a contract between the parties, if the government knew of facts that would allow it to avoid making the recommendation at the time that it offered the

plea agreement, the agreement "would fail from the outset due to a lack of valid consideration." *Id.* We determined that this refusal constituted a significant and deliberate breach of the plea agreement and vacated and remanded for resentencing. *Id.* at 1328, 1330.

Section 3E1.1(a) of the Sentencing Guidelines states that, if "the defendant clearly demonstrates acceptance of responsibility" for the offense, the defendant's offense level is decreased by two levels. U.S.S.G. § 3E1.1(a) (2018). The commentary states that appropriate considerations for determining whether a defendant qualifies under § 3E1.1(a) include truthfully admitting the conduct comprising the offenses of conviction and voluntarily terminating or withdrawing from criminal conduct. *Id.* § 3E1.1, comment. (n.1).

Here, the government did not breach the plea agreement by not recommending that Duncan receive a two-level reduction under U.S.S.G. § 3E1.1(a) because, after executing the plea agreement, it learned that Duncan had committed similar offenses while on bond. The plea agreement expressly provided that the government would only make such a recommendation if it did not learn of adverse information suggesting that the recommendation was not warranted, and when it learned of Duncan's subsequent offenses, the government was released from its obligation to make the recommendation.

**AFFIRMED.**